UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 06-CIV-22506  COOKE/BROWN

VILLAS LAS MARIAS, LLC,

    *Plaintiff*,

v.

LEXINGTON INSURANCE COMPANY,

    *Defendant*.
_____/

## ORDER GRANTING MOTION TO REMAND TO STATE COURT

Upon this Motion to Remand, the issue before the Court is whether the Defendant's diversity-based removal of this Case from state court is time-barred by the 1998 Judicial Improvements and Access to Justice Act, codified in 28 U.S.C. § 1446(b).  The Court holds that the instant action is time-barred from removal on at least two separate grounds as discussed below.

### Background

This Case arose from a fire that occurred in June, 2000, initiating two inextricable state-court cases that were filed in February, 2001, *Villas I*,[1] and March, 2002, *Villas II*.[2]  The state court issued decisions in both cases, the latter of which the Defendant appealed to Florida's Third District but then removed to this Federal Court in October, 2006.  Upon removal by the Defendant, the Plaintiff timely moved for remand, which Motion is the subject of this Order.

---

[1] *Villas Las Marias, LLC v. Lexington Insurance Company*, Miami-Dade County Circuit Court Case No. # 01-03564 CA 21. ("*Villas I*")

[2] *Villas Las Marias, LLC v. Lexington Insurance Company*, Miami-Dade County Circuit Court Case No. # 02-06314 CA 02. ("*Villas II*")

**The Legal Backdrop**

Removal jurisdiction exists only where the district court would have had original jurisdiction over the action. 28. U.S.C. § 1441(a); *Darden v. Ford Consumer Fin. Co., Inc.*, 200 F.3d 753, 755 (11th Cir. 2000). One way to establish original jurisdiction is by showing complete diversity, meaning that (1) the parties are citizens of different states, and (2) the sum in controversy exceeds $75,000.00, exclusive of interest and costs. *Id.*; 28 U.S.C. § 1332. Uncertainties in disputes over removal jurisdiction should be resolved in favor of a plaintiff moving to remand, *Burns v. Windsor Ins. Co.*, 31 F.3d 1368, 1373 (11th Cir. 1998), because, *inter alia*, a removing defendant carries the burden of establishing federal jurisdiction. *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th 2002). Furthermore, a defendant attempting to remove on diversity grounds must do so within the statutory time limitations set by Congress in 28 U.S.C. § 1446(b):

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by § 1332 of this title more than 1 year after commencement of the action.

The preceding statutory provision imposes two distinct time restrictions on diversity removal. The first requires the defendant to remove swiftly, within thirty days of receiving pleadings that establish complete diversity. *See Bauknight v. Monroe County*, 446 F.3d 1327, 1331 (11th Cir. 2006). The second requirement looks to prevent stale removals by placing a complete bar on removal of cases that have been pending in state court for over one year, even if complete diversity never arose within that first year. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61,

62 (1996).

### **Analysis**

In the Case at bar, this Court has examined the Parties' voluminous state-court filings, which amount to hundreds of pages over the case's four- to five-year pendency; and the Court holds that this Action is barred from removal by both of the aforementioned statutes of limitations. Since it makes no difference to the Court's analysis whether the state action was initiated in 2001 or 2002, the Court will err on the side of conservatism, and assume that the March, 2002 state-court action, *Villas II*, establishes the relevant date for purposes of this Motion. And as of that date compete diversity did exist. After a thorough analysis, the Court finds that the filings in the state-court record put the Defendant on requisite notice, as of March 8, 2002, that the parties were citizens of different states and that the sum in controversy considerably exceeded $75,000.00, which sum was comprised of at least: (1) the $59,158.00 difference between the insurance policy limit ($160,000.00) and the amount already paid by the Defendant ($100,842.00); (2) the $8,000.00 for debris removal; (3) the $40,000.00 for ordinance and law coverage; and (4) the statutory attorneys' fees under FLA. STAT. § 627.428. The case, therefore, at the very latest, became removable on March 8, 2002. And accordingly, the Defendant lost its opportunity for removal thirty days thereafter, sometime in April, 2006. *See supra*. The Court can simply stop here, but chooses to delineate a second basis for remand.

The complete-one-year-bar rule, additionally, precludes the Defendant's removal. *See supra*. Giving the Defendant the benefit of the doubt, *arguendo*, that the amount in controversy did not exceed $75,000.00 until five years into the state litigation,[3] the Court is disturbed,

---

[3] The record leaves little room for doubting, however, that the amount in controversy *was* in excess of $75,000.00 as of March 8, 2002.

nonetheless, that the Defendant removed this case under a provision that very plainly places a one-year statute of limitations on removals.  *See Caterpillar Inc., 519 U.S. at 62*.  Such flaunting of federal law is improper.  In the spirit of optimism, however, the Court will refrain from drawing the most obvious conclusion, that the Defendant, having been unpleased with the state court outcome, is forum shopping or attempting multiple bites at the apple that has already been stripped to its core—a four-year-old apple that this Court finds to be stale for the federal forum.  Accordingly, the Court hereby

**ORDERS and ADJUDGES** that the Plaintiff's Motion to Remand is **GRANTED**, and the Case is **REMANDED** to state court for all further proceedings.

**DONE and ORDERED** in Chambers in Miami, FL, this 13th day of April, 2007.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Magistrate Judge Stephen T. Brown*
*Counsel of Record*